(Hamilton County Court of Common Pleas, September, 1898.)

IN RE ASSIGNMENT OF THE JACKSON BREWING CO.

Where an assignee conducts the assigned business as a going concern, making improvements in the plant, paying indebtedness, competing with other similar concerns, and making ready to turn it over to its owners as soon as the debts have been paid off, the assigned property is subject to taxation in his hands.

SPIEGEL, J.

This cause comes into this court upon an appeal from the Court of Insolvency determining that the assignee of said brewery, John B. Bobe, was not liable for the payment of taxes, municipal, county or state. The facts in the case are as follows:

"The Jackson Brewing Company made an assignment for the benefit of its creditors on March 3, 1894, to John B. Bobe, and on March 7, 1894, an order was made by the court directing the assignee to continue the business, and afterwards, with the consent of three-fourths in number and amount of the creditors, on order was made directing the assignee to continue the business, which order has been continued in force ever since, and under said order of the court, the assignee still continues to carry on said business. The Auditor of Hamilton County has assessd the personal estate in the possession of said John B. Bobe, as such assignee, for taxes as follows: For 1894, on $30,970, taxes amounting to $964.79; for 1895, on $23,430, taxes amounting to $725.25; for 1896, on $23,500, taxes amounting to $682.-44; total taxes, $2,372.46."

Upon this state of facts the court of insolvency determined that in accordance with the decision of our supreme court in the case of McNeill, Assignee, v. Hagerty, Auditor, 51 Ohio State, 255, the application of the County Treasurer for payment of taxes on the personal property of the Jackson Brewing Company, in the hands of the assignee, must be refused.

An examination of the case of McNeill v. Hagerty—with the facts of which I am familiar, having tried the same as county solicitor of Hamilton County—shows that both Judge McNeill, as assignee, and Judge Goebel, as trustee, were then converting the assets of the assigned estate into money for the purpose of paying the creditor. No question was raised in those cases as to a continuance of business for a term of years, as in the present case. On the contrary, Judge Spear distinctly states, upon page 263, as follows:

"It is made the duty of the assignee to convert the assigned property into money, and, at the expiration of eight months, file an account, as a step preliminary to an order distributing the money to creditors, which is to be done without unnecessary delay, according to their respective claims and rights. The effect of the assignment is to devote the property absolutely to the satisfaction of the debts of the assignor, just as they existed at the time of the assignment, subject, necessarily, to be depleted by the expenses of the trust."

And following out this line of reasoning as to receivers, why taxes should be paid by them, Judge Spear says as follows, on page 265:

"The duty enjoined upon receivers to list is confined to receivers of corporations. Such receivers are usually em-

powered to prosecute the business for the benefit of the parties interested. This carries the idea of a continuance of the business as by the corporation, and its eventual surrender to the corporation again."

At the conclusion of the decision in his case, Judge Spear calls special attention to the fact that the conclusion which he announces is fully supported by decisions in two well considered cases—one by the Supreme Court of Pennsylvania, and one by the Supreme Court of Connecticut, viz: School Directors v. Rathvon, 30 Pa. St., 533 and Brooks v. Hartford, 61 Conn., 112.

An examination of both these cases will show that the distinction pointed out by Judge Spear in the case relied upon by counsel for the assignee, is contained in them.

In the language of the Pennsylvania case:

"It (taxable property) does not necessarily embrace property which the law has taken into its own hand simply to collect and then distribute, and of which it has designated the temporary stockholders and trustees for the better accomplishment of its work."

And in the language of the Connecticut case:

"The provision of the general statutes paragraph 3841, that trustees residing in this state, 'having in their hands personal property liable to taxation belonging to the trust estate,' shall make return thereof to the tax assessors, applies only to property in the hands of trustees which is invested in some permanent form, and from which interest or income is sought to be derived."

The facts in the case before me show that the assignee, for a period of four years, has been conducting the business of the Jackson Brewing Company in the same manner as the business of other brewing companies is conducted. He has manufactured beer, sold it, made necessary improvements in the brewery, paid off debts, and in all respects conducted it as a going concern, ready to be turned over to its owners again when the debts have been paid off. Upon what principle, then, is there any distinction between the conduct of the business of the Jackson Brewery and that of the Moerlein Brewery, or Hauck Brewery, or Windisch-Muhlhauser Brewery, or any of the other breweries of our city? The assets of the Jackson Brewery have not been converted into money for the purpose of paying the creditors. On the contrary, it has been conducted as a going business, and from the profits derived therefrom the debts are being gradually paid.

I do not believe it to have been the intention of the decision in McNeill v. Hagerty to extend the principles of that case any further than the facts upon which the decision is based.

The question of double taxation, upon which counsel for the assignee relies, arises daily in our state, and has been determined in a subsequent case by our Supreme Court, to-wit, the case of Rienboldt v. Wayne, 52 Ohio State, 160, to be only apparent double taxation.

The distinction between the case of McNeill v. Hagerty and the case at bar is one based upon facts which can not be overlooked by the court; facts which entitle the state and its subdivisions to the payment of taxes for the protection given the Jackson Brewing Company in thus continuing the conduct of its business in competition with other breweries paying their share of the public burden.

The judgment of the Court of Insolvency is reversed and the prayer of the Treasurer of Hamilton County for payment of taxes granted.

Frank F. Dinsmore for the County Treasurer.

Adams A. Kramer for the trust estate.